UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JAMES O'REILLY and BRETT O'REILLY,

        Plaintiffs,

    -against-

INCORPORATED VILLAGE OF ROCKVILLE CENTRE,

        Defendant.
------------------------------------------------------------------------X

**ORDER**

23-cv-04249 (NCM)(JMW)

**A P P E A R A N C E S:**

    Christian Browne
    Jason Scott Giaimo
    John M. Brickman
    **McLaughlin & Stern, LLP**
    260 Madison Avenue
    New York, NY 10016
    *Attorneys for Plaintiffs*

    Steven C. Stern
    **Sokoloff Stern LLP**
    179 Westbury Avenue
    Carle Place, NY 11514
    *Attorneys for Defendant*

**WICKS,** Magistrate Judge:

Before the Court is Plaintiffs' motion to compel production of documents (ECF No. 49), which is opposed by Defendant (ECF No. 50). For reasons set forth below, Plaintiffs' Motion to Compel is **GRANTED** *in part* and **DENIED** *in part*.

**THE PARTIES' CONTENTIONS**

    A. *<u>Plaintiffs' Motion to Compel (ECF No. 49)</u>*

Plaintiffs requests a Court Order compelling "Defendant to produce all outstanding documents within 21 days[.]" (ECF No. 49 at 4.) Specifically, Plaintiffs state that "Defendant continues to rely on generalized and boilerplate objections in an ongoing effort to stonewall

1

discovery and withhold relevant and responsive documents." (*Id.* at 1.) Four document demands are the crux of this Motion, namely, demands 4, 7, 8 and 9.

Document Demand **Number 4** states "[a]ll non-privileged documents and communications, including but not limited to, e-mails, letters, text messages, memoranda, reports, recommendations, studies, analyses, hearing minutes, meeting minutes, transcripts, advisory opinions, resolutions, or other documents between the Defendant and the Planning Board regarding Plaintiffs and/or Plaintiffs' application for subdivision approval for the Subject Property related to the design and/or construction of Killarney Lane."

Document Demand **Number 7** states "[a]ll non-privileged documents and communications including but not limited to, e-mails, letters, text messages, applications, surveys, memoranda, reports, recommendations, studies, analyses, hearing minutes, meeting minutes, transcripts, advisory opinions, resolutions, or other documents generated or received by Defendant concerning the Rockville Manor Subdivision."

Document Demand **Number 8** states "[a]ll non-privileged documents and communications including but not limited to, e-mails, letters, text messages, applications, surveys, memoranda, reports, recommendations, studies, analyses, hearing minutes, meeting minutes, transcripts, advisory opinions, resolutions, or other documents generated or received by Defendant concerning the Arbor Inn Homes Subdivision."

Document Demand **Number 9** calls for the production of "[a]ll studies and/or reports generated or received by Defendant concerning the creation or maintenance of private roads with Defendant's jurisdiction."

Defendant objects to producing documents with dates prior to July 23, 2020. (ECF No. 50 at 2.) Plaintiffs claim to have made good faith efforts to resolve the discovery dispute by

providing Defendant case law supporting Plaintiffs' position that production should not be limited to July 23, 2020, through May 17, 2022[1], as there are relevant documents predating July 23, 2020. (ECF No. 49 at 2-3.) For purposes of understanding why Plaintiffs seek documents predating July 2020, a brief overview of the factual allegations is warranted.

As alleged in the Amended Complaint, on January 4, 2016, Plaintiffs attended their first meeting with Defendant to discuss the proposed plan and approval process for the subdivision. (ECF No. 35 ¶ 18.) In July and August of 2016, Plaintiffs attempted to engage with the Defendant's Board of Trustees to review the proposed plans. (*Id.* at ¶ 25.) After failed attempts, Plaintiffs submitted their application for subdivision approval with Defendant on September 30, 2016. (*Id.* at ¶ 28.) Beginning in October of 2016, Plaintiffs claim that their application was held in abeyance for six months while Defendant allegedly discussed how to move forward with this application following the Village's new Code provisions. (*Id.* at ¶ 29.) It was not until April 21, 2017, Plaintiffs were informed that Village officials wanted Plaintiffs to alter their subdivision design. (*Id.* at ¶ 31.) On June 7, 2017, a hearing was held to discuss a variance, which ended up focusing on the subdivision itself and lasted hours, and ultimately, Plaintiffs' application was denied. (*Id.* at ¶¶ 35-36.) A month later, Defendants enacted a moratorium for six months, which prohibited construction of any new private roads and stopped Plaintiffs' application from moving forward.[2] (*Id.* at ¶¶ 40,43.) It was not until December 19, 2017 that Plaintiffs would be heard by the Planning Board. (*Id.* at ¶ 49.) On April 18, 2018 the Zoning Board granted Plaintiffs' variance and on July 10, 2018, Plaintiffs' application finally reached the Planning Board. (*Id.* at

---

[1] Plaintiffs in their motion indicate that the timeframe is from July 23, 2020, to May 17, 2020, however, Defendant notes the correct end date is 2022. (ECF No. 50 at 2.)

[2] Plaintiffs filed a state court action in the Supreme Court of Nassau County seeking declaratory judgment to invalidate the Moratorium. On October 10, 2017, a decision was reached, which struck down the Moratorium as invalid. (ECF No. 35 ¶ 44,46.)

¶¶ 55, 59.) Plaintiffs followed the directives of the Planning Board and submitted additional documents. (*Id.* at ¶ 61.) However, their application was denied in late 2018. (*Id.* at ¶ 65.) Plaintiffs filed another state court action challenging the denial of the subdivision application, which resulted in a settlement. (*Id.* at ¶¶ 66-68.) On August 6, 2019, the Planning Board approved the subdivision application. (*Id.* at ¶ 69.) On February 10, 2020, Plaintiffs filed and recorded the official map. (*Id.* at ¶ 71.) On July 20, 2020, Plaintiffs received the first building permits. (*Id.* at ¶ 77.) The next two years consisted of Plaintiffs dealing with other construction, street names, and conveyance issues. (*Id.* at ¶¶ 78-86.) Plaintiffs were finally able to finish this process and sell the property on May 17, 2022. (*Id.* at ¶ 87.)

Plaintiffs rely on authority for the proposition that "[s]tatutes of limitations are not an absolute limit on the temporal scope of discovery." *Murrell v. Pro Custom Solar LLC*, No. 19-CV-2656 (KAM) (CLP), 2021 WL 12151177, at *2 (E.D.N.Y. Dec. 6, 2021). Plaintiffs also state that documents pre-dating July 2020 are discoverable because of the importance of the discovery sought to resolve the issues. (ECF No. 49 at 3.) Plaintiffs then discuss the four document demands at issue. For Demand Number 4, Plaintiffs assert that these documents may provide reasons and motivations as to Defendant's actions; specifically, these documents would answer why Defendant decided to not grant Plaintiffs' subdivision sooner and delayed the process. (*Id.*) For Demand Numbers 7 and 8, Plaintiffs assert that these documents are relevant to their equal protection violations claim. (*Id.* at 4.) Finally, as for Demand Number 9, Plaintiffs assert that these documents directly relate to their claim that Defendant abused their power and violated Plaintiffs' constitutional rights. (*Id.*)

4

B. *Defendant's Opposition (ECF No. 50)*

Defendant opposes, asserting that Plaintiffs' demands are "all incredibly overbroad and include no time limitation" and are limited by the statute of limitations. (ECF No. 50 at 3-4.) Defendant states that Plaintiffs' mere speculation that the additional timeframe will provide Plaintiffs with the context to explain their claims is not enough. "Their speculation that production of seven years of burdensome discovery may turn up something that would help them show later actions "shock the conscience" cannot justify the burdensome discovery they seek." (*Id.*)

As for document Demand Number 4, Defendant argues that Plaintiffs should clarify their request to further understand the scope of the communications requested. (*Id.* at 5.) On March 27, 2025, Judge Natasha C. Merle denied Defendant's Motion to Dismiss. (Electronic Order dated 4/2/2025.) As a result, Defendant states they will produce documents for document Demands Numbered 7 and 8, so long as they are narrowed to only include the building, planning, and zoning files for those properties. (ECF No. 50 at 6.) Finally, Defendant states that Demand Number 9 is overly broad with no temporal or geographic location. (*Id.*)

## THE LEGAL FRAMEWORK

Pursuant to Fed. R. Civ. P. 26:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

Fed. R. Civ. P. 34 mandates production of responsive documents "in the responding party's possession, custody, or control[.]" Fed. R. Civ. P. 34(a)(1). Encompassed within this

mandate is the obligation to make efforts to obtain information within its legal reach. That is, the party from whom documents are sought has the legal right to obtain the documents from a third party. If a party has the "practical ability to obtain and produce the documents" then it has "possession, custody, or control" over such document. *Signify Holding B.V. v. TP-Link Rsch. Am. Corp.*, No. 21-CV-9472 (JGK) (KHP), 2022 U.S. Dist. LEXIS 154197, at *4-5 (S.D.N.Y. Aug. 26, 2022).

## **DISCUSSION**

Plaintiffs do not state a particular timeframe for the documents sought in their document demands. In Defendant's Responses to Plaintiffs' First Set of Requests for Production, Defendant states that their responses are limited to the timeframe of July 23, 2020, to May 17, 2022, because any claims prior to June of 2020, are barred by the applicable statute of limitations.[3] (ECF No. 49-2 at 2.) Since Plaintiffs' requests are outside the statute of limitations, production should, according to Defendant, be limited to those years. (ECF No. 50 at 3-4.)

Parties are entitled to documents that are "relevant to [their] claim or defense and proportional to the needs of the case, … [and] the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(1). Plaintiffs state that their "efforts to obtain subdivision approval began in the fall of 2015, with Plaintiffs attending their first formal meeting with Village officials on January 4, 2016." (ECF No. 49 at 3.) Information "is relevant if: '(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.'" *Vaigasi v. Solow Mgmt. Corp.*, No. 11-CV-5088, 2016 WL 616386, at *11 (S.D.N.Y. Feb. 16, 2016) (quoting Fed. R. Evid. 401).

---

[3] Defendant cites to Judge Merle's Memorandum & Order dated July 8, 2024, finding that "[p]ursuant to the applicable statute of limitations, plaintiffs' allegations of constitutional violations that precede June 2020 would therefore be time barred." (ECF No. 30 at 6.)

Moreover, "[t]he party seeking the discovery must make a *prima facie* showing that the discovery sought is more than merely a fishing expedition." *Evans v. Calise*, No. 92-CV-8430, 1994 WL 185696, at *1 (S.D.N.Y. May 12, 1994); *see also Mandell v. The Maxon Co., Inc.*, No. 06-CV-460, 2007 WL 3022552, at *1 (S.D.N.Y. Oct. 16, 2007) ("[T]he party seeking discovery bears the burden of initially showing relevance."). To that end, the discovery sought by the parties must be, as stated by Rule 26, proportional to the needs of the case, taking into consideration such aspects as the importance of the issues, the amount in controversy, the parties' resources and access to the information sought, and the importance of the information sought to the asserted claims or defenses. *Sibley v. Choice Hotels Int'l*, No. 14-CV-634 (JS)(AYS), 2015 WL 9413101, at *2–3 (E.D.N.Y. Dec. 22, 2015).

    Considering Plaintiffs' argument that their efforts to obtain subdivision approval began as in late-2015, the documents requested in Demand Number 4 are indeed relevant to their claim that the documents "may … explain the context in which Plaintiffs' claims arise and provide evidence of and the motivation for Defendant's subsequent prejudicial actions against Plaintiffs …." (ECF No. 49 at 3.) Defendant correctly indicates that in *Murrell*, Judge Pollak limited the timeframe of production to the applicable four-year statute of limitations. 2021 WL 12151177, at *2. In *Murrell*, the parties had a dispute over plaintiffs' interrogatories on the ground they were overbroad. *Id.* As a result, plaintiffs narrowed the requests to a four-year timeframe representing the statute of limitations of their equal rights claim pursuant to 42 U.S.C. § 1981. *Id.* After that, defendant continued to object requesting that the Court apply the three-year statute of limitations under plaintiffs' FLSA claim in order to withhold information extending past the three years. *Id.* at *3. The Court did not so limit to a three-year timeframe after considering "the nature of the claims, the relevance and nature of the information sought, and the burden of producing the

7

information." *Id.* at *2. The Court stated that due to defendant's failure to provide any compelling reasons to use the shorter timeframe, coupled with the interests of the class members in the action, the Court allowed the four-year window to remain. *Id.*

In the instant action, unlike in *Murrell*, Plaintiffs have not agreed to limit the dates of discovery to the statute of limitations. Applying the principles distilled from *Murrell*, this Court finds the requested timeframe reasonable for Demand Number 4 as it is proportionate to the needs of the case. Further, Demand Number 4 seeks relevant information to Plaintiffs' claims as documents from the earlier time period may very well shed light on the application process and the communications regarding Plaintiffs' subdivision approval. Proportionality goes "hand-in-hand" with relevance. *New Falls Corp. v. Soni*, No. 16-CV-6805 (ADS) (AKT), 2020 WL 2836787, at *2 (E.D.N.Y. May 29, 2020). The more relevant the information, the more likely it becomes proportional. *Id.* Additionally, Defendant has not shown how production of this information would be burdensome as it is limited to communications between Defendant and the Planning Board regarding Plaintiffs' subdivision.

As such, the cut-off for production is documents going back to and including January 4, 2016, representing the date that Plaintiffs first met with Village officials. (ECF No. 49 at 3.) Defendant is directed to produce any documents that are within their control, custody or possession within that timeframe.

As for document Demands Numbered 7 and 8, Defendant has affirmed that production is forthcoming, noting that it "should be narrowed to include only the building, planning, and zoning files for those properties." (ECF No. 50 at 6.) Plaintiffs' demands in Number 7 relate only to the Rockville Manor Subdivision. Likewise, Demand Number 8 only relates to the Arbor Inn

8

Homes Subdivision. Thus, Defendant is directed to produce such documents for the specific named subdivisions.

Demand Number 9 is overly broad. Plaintiffs request all studies and/or reports concerning the private roads within Defendant's jurisdiction. (ECF No. 49 at 4.) The request lacks specificity to the point that considering proportionality the demand must be stricken. Plaintiffs state that when the moratorium was enacted, it specifically targeted Plaintiffs' development. If Plaintiffs sought this information, they could have limited the request to the private roads surrounding their subdivision—not all private roads within Defendant's jurisdiction. Plaintiffs have failed to demonstrate the relevancy of this overly vague request. *See Kennedy v. Cont. Pharmacal Corp.*, No. CV 12-2664 (JFB) (ETB), 2013 WL 1966219, at *2 (E.D.N.Y. May 13, 2013) ("There is no specificity to the requests and no effort to limit these requests to any relevant acts alleged in this action. Lacking relevance and specificity, the requests are vague, overly broad, and unduly burdensome"). For that reason, the motion to compel as to Number 9 is denied, and Defendant is not required to produce documents in response.

Finally, Defendant asserts that taking on the task of finding documents from years ago would be unduly burdensome and costly to a small village. Defendant has not described the extensive measures it would take to recover the requested documents. Rather, Defendant states that the case is not covered by insurance, and it would be time-consuming. Conclusory statements of burdensome are not enough to defeat a discovery relevant demand. *See e.g., Bursztein v. Best Buy Stores, L.P.*, No. 20-CV00076 (AT) (KHP), 2021 WL 1961645, at *6 (S.D.N.Y. May 17, 2021) ("[C]ourts in this District have previously said that general objections should rarely be used, unless the objections specifically apply to each document request at

9

issue."); *Zhulinska v. Niyazov Law Grp., P.C.*, No. 21-CV-1348 (CBA), 2021 U.S. Dist. LEXIS 219213, at *8 (E.D.N.Y. Nov. 12, 2021) (finding that defendants failed to demonstrate that the information was not reasonably accessible or that production would be unduly burdensome); *Integrated Structures Corp. v. Liberty Mut. Ins. Co.*, No. 21-CV-1744-ARR-SJB, 2022 U.S. Dist. LEXIS 205602, at *5 (E.D.N.Y. Aug. 9, 2022) (finding that merely "[s]aying something is voluminous, without describing the volume or the costs of search or production, is not persuasive"). Therefore, with the limitations discussed, Defendant is to produce the documents available.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Compel (ECF No. 49), is **GRANTED** *in part* and **DENIED** *in part*. Defendant is directed to produce the requested documents as set forth herein.

Dated: Central Islip, New York
April 8, 2025

S O   O R D E R E D:

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge